IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| LORIN NIEWINSKI, JOHN BAKER MCCLANAHAN as personal representative of THE ESTATE OF MELISSA BUCHANAN, ROBERT A. BOZAICH, RONNIE JACKSON, and SHERIF B. BOTROS, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> STATE FARM LIFE INSURANCE COMPANY and STATE FARM LIFE AND ACCIDENT ASSURANCE COMPANY <br><br> Defendants. | Case No. 23-04159-CV-C-BP |

## ORDER

Before the Court is Plaintiffs'[1] unopposed[2] motion for final approval of class action settlement ("Final Approval Motion") (Doc. 33) and Plaintiffs' motion for attorney's fees, costs, expenses and service awards ("Fee Motion") (Doc. 29).[3] For the reasons detailed herein, the Court (1) **GRANTS** both motions, (2) overrules the objections that have been submitted, and (3) dismisses the case with prejudice.

---

[1] The named Plaintiffs are Lorin Niewinski, John Baker McClanahan as personal representative of the Estate of Melissa Buchanan, Robert A. Bozaich, Ronnie Jackson, and Sherif B. Botros ("Representative Plaintiffs"). Consistent with the Settlement Agreement, "Plaintiffs" refers to the Representative Plaintiffs and Gettys Bryant Millwood, the class representative for the certified class in *Millwood v. State Farm Life Ins. Co.*, No. 7:19-cv-01445-DCC (D.S.C.).

[2] The named Defendants are State Farm Life Insurance Company and its related entity State Farm Life and Accident Assurance Company. The motion indicates that both Defendants consent to the Court granting the relief sought.

[3] All defined terms in this order have the same meaning ascribed to them in the Agreement. *See* Doc. 3-1.

## I. BACKGROUND

This is a class action lawsuit arising out of two cases effectively consolidated before the Court to effectuate a proposed nationwide settlement between the Plaintiffs and Defendants State Farm Life Insurance Company and State Farm Life and Accident Assurance Company (collectively, "State Farm"). On October 18, 2023, the Court entered an order granting preliminary approval of the Settlement pursuant to Federal Rule of Civil Procedure 23(e). In doing so, the Court found that "it will likely approve the Settlement as 'fair, reasonable, and adequate' under the relevant factors[.]" (Doc. 21, p. 2.) The Court further found that "it will likely be able to certify the Settlement Class for purposes of entering judgment on the Settlement under Rule 23(a) and (b)(3)." (*Id.*, p. 4.) The Court thus directed the Settlement Administrator and the Parties to provide a Class Notice, in a form approved by the Court, to the members of the Settlement Class.

The Court has been informed that the appointed Settlement Administrator issued the Court-approved Class Notice by first class mail to the Settlement Class Members and a supplemental postcard notice by first class mail to the Settlement Class Members who received the original Class Notice and did not opt out. The Class Notice and supplemental notice advised Settlement Class Members of the material terms of the Settlement and that Class Counsel would seek attorney's fees of up to one-third of the Settlement Fund, reimbursement for their costs and expenses in an amount up to $1,100,000, and Service Awards of up to $25,000 for each of the Plaintiffs. Pursuant to the deadlines established by the Court in its October 18, 2023, Order, the Class Notice also notified Settlement Class Members that the deadline to submit objections to the Settlement or to opt-out of the Settlement Class was February 9, 2024.

On January 19, 2024, Class Counsel filed their Fee Motion seeking one-third of the Settlement Fund, reimbursement for costs and expenses in the amount of $824,678.54, and $25,000 Service Awards for each Plaintiff. (Doc. 29.)

Sixty-two policy owners excluded themselves from the Settlement Class, and three Settlement Class Members submitted potential objections. (Docs. 23, 30, and 34.) On March 7, 2024, Plaintiffs filed their Final Approval Motion. On March 28, 2024, the Court held a Fairness Hearing to consider the pending motions.

## II. FINAL APPROVAL OF CLASS ACTION SETTLEMENT

To certify a Settlement Class for the purposes of settlement the Court must conclude that the requirements of Rule 23(a) and at least one of the requirements of Rule 23(b) are satisfied. *See* Fed. R. Civ. P. 23. The Court must also ensure the settlement meets the requirements of Rule 23(e). After considering Plaintiffs' Final Approval Motion and the supporting documents, the Court concludes that both rules are satisfied.

1. **<u>Class Certification.</u>** The Settlement Class is defined as follows:

All persons or entities who own or owned one or more of approximately 450,000 Form 86040/A86040 universal life insurance policies or Form 86075/A86075 universal life insurance policies in the United States that were issued or administered by State Farm or their predecessors in interest, including all applications, schedules, riders, and other forms specifically made a part of the policies at the time of their issue, plus all riders and amendments issued later, or otherwise part of "The Contract," as defined in the Policy or Policies.

Excluded from the Class are State Farm; any entity in which State Farm has a controlling interest; any of the officers, or members of the board of directors of State Farm; the legal representatives, heirs, successors, and assigns of State Farm; anyone employed with Plaintiffs' counsel's firms. Also excluded is any Judge to whom this Action or a Related Action is assigned, and his or her immediate family; the Related Actions consist of *Millwood v. State Farm Life Ins. Co.*, Case No. 7:19-CV-01445-DCC, currently pending in the United States District Court for the District of South Carolina, and *McClanahan v. State Farm Life Ins. Co.*, Case No. 1:22-cv-01031-STA-JAY, originally filed in the Western District of Tennessee, and now on appeal in the U.S. Sixth Circuit Court of Appeals, under the name *Gettys Millwood, et al. v. State Farm Life Ins. Co.*, Case No. 23-5578; and the persons who

timely and properly excluded themselves from the Settlement Class, as identified on Exhibit A to the contemporaneously entered Final Judgment.

The Court finds that each element of Rule 23(a) and Rule 23(b)(3) are satisfied for purposes of certifying a settlement class.

The Court first considers the requirements of Rule 23(a). The Court finds that the Settlement Class is "so numerous that joinder of all class members is impracticable." Fed. R. Civ. P. 23(a)(1). Here, there are owners of approximately 450,000 Policies in the Settlement Class, which is plainly too many individuals to join to a case individually.

The Court also finds that there is at least one "question[] of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "Even a single common question will do," *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359 (2011) (cleaned up), so long as it is such that the question "will resolve an issue that is central to the validity of each one of the claims in one stroke," *id.* at 350. As Plaintiffs explain in their motion, other courts have readily concluded that the claims presented here satisfy this requirement, *see, e.g., Vogt* 2018 WL 1955425, at *2, and the Court agrees.

Third, the Court finds that the claims or defenses of the representative parties are typical of those of the Settlement Class. Fed. R. Civ. P. 23(a)(3). This requirement "is fairly easily met so long as other class members have claims similar to the named plaintiff." *DeBoer v. Mellon Mortg. Co.*, 64 F.3d 1171, 1174 (8th Cir. 1995). In assessing typicality, courts consider whether the named plaintiff's claim "arises from the same event or course of conduct as the class claims, and gives rise to the same legal or remedial theory." *Vogt*, 2018 WL 1955425, at *5 (quoting *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1540 (8th Cir. 1996)). Here, "the Policy terms and methodology used to determine the COI rates that were charged were the same for every class member; thus, Plaintiff's interests are substantively identical to those of the other class members." *Millwood*, 2022 WL 4396199, at *7 The requirement of typicality thus is satisfied. *Id.*

Fourth, the Court finds that the "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The adequacy inquiry . . . serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997). The Court does not find any conflicts of interest that would preclude a finding of adequacy. *E.g.*, *Vogt*, 2018 WL 1955425, at *5. The Court therefore finds the adequacy requirement satisfied.

The Court now turns to the requirements of Rule 23(b)(3), which requires "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Matters pertinent to these findings include:

> **(A)** the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> **(B)** the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> **(C)** the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> **(D)** the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3). When "[c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial." *Amchem*, 521 U.S. at 619-20 (citation omitted). The Court finds that common questions of law and fact predominate because the relevant contractual language at issue is the same for all members of the Settlement Class and State Farm uniformly administered the Policies in accordance with this language. *See Vogt*, 2018 WL 1955425, at *6. Moreover, the Court also finds that a class action is superior to individual lawsuits as individual litigations "would be more burdensome and less efficient[.]" *Id.* at * 7.

For these reasons, the Court certifies the Settlement Class, appoints Plaintiffs to act as the Settlement Class Representatives, and appoints Class Counsel to represent the Settlement Class.

2. **Class Notice.** Next, the Court confirms the Class Notice was implemented in accordance with the Court's October 18, 2023 Order. (Doc. 21, pp. 5-6.) The Court further confirms its prior findings that the form and substance of the Class Notice meet, and have met, the requirements of Rule 23(c) and the Due Process Clause of the United States Constitution.

3. **Approval of the Settlement.** To approve a settlement under Rule 23(e), the Court must find that the settlement is "fair, reasonable, and adequate" after considering several listed factors. *See* Fed. R. Civ. P. 23(e); *Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988). The Court has considered the identified factors as well as the submissions by Plaintiffs. The Court finds that each of the factors listed in Rule 23(e) and identified by the Eighth Circuit support approval of the Settlement in accordance with its preliminary determination. First, the Plaintiffs and Class Counsel have adequately represented the Class as reflected by the extensive litigation they undertook against State Farm on these claims across two jurisdictions and through the negotiation of the Settlement. Second, the Settlement was the product of arm's length negotiation reached only after significant litigation and following a full-day mediation. Furthermore, the Settlement was only reached with the assistance of a national mediator. Third, the relief provided by the Settlement—$65,000,000—is plainly significant, particularly given the costs, risks and delay of trial and appeal and the adverse decision issued by one court on the claims at issue here. Furthermore, the proceeds of the Settlement will be distributed without the need for a claims process, which also supports approval. Fourth, the Settlement treats class members equitably relative to one another because the proceeds will be distributed primarily in proportion to the

Case 2:23-cv-04159-BP   Document 36   Filed 04/01/24   Page 6 of 12

amount of charges paid by each Settlement Class Member. For these reasons, the Court concludes that the Settlement is fair, reasonable, and adequate and approves the Settlement.

4. **Releases.** As of the Final Settlement Date, the Releasing Parties shall be deemed to have, and by operation of this Order and the contemporaneously entered Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Parties of and from all Released Claims and waived any and all Released Claims against the Released Parties, other than Excluded Claims.

5. **Dismissal and Continuing Jurisdiction.** The Court hereby dismisses this Action with prejudice except the Court retains jurisdiction over this Action and the Parties, attorneys, and Settlement Class Members for all matters relating to this Action, including (without limitation) the administration, interpretation, and effectuation or enforcement of the Settlement Agreement, this Order granting Plaintiffs' Motion for Final Approval of Class Action Settlement and Plaintiffs' Motion for Attorney's Fees, Costs, Expenses and Service Awards, and the contemporaneously entered Final Judgment. The Settlement Class Representatives and Settlement Class Members are hereby permanently enjoined from filing, prosecuting, maintaining, or continuing litigation based on or related to the Released Claims. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Order, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

### III. ATTORNEY'S FEES, COSTS, EXPENSES AND SETTLEMENT CLASS REPRESENTATIVE SERVICE AWARDS

Class Counsel request an attorney's fee award of 33⅓ percent of the $65,000,000 Settlement Fund plus reimbursement of litigation costs and expenses in the amount of $824,678.54. They also request that the Court award a Service Award to each Plaintiff in the

amount of $25,000 from the Settlement Fund. In support of their requests, Plaintiffs submitted a detailed Fee Motion. For the following reasons, the Court grants the requests.

1. **Attorney's Fees.** Under Federal Rule of Civil Procedure 23(h), "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." As the Supreme Court recognized, "a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). The most used approach for awarding attorney's fees in common fund cases is the "percentage of the fund" approach. *See, e.g.*, *Rawa v. Monsanto Co.*, 934 F.3d 862, 870 (8th Cir. 2019); *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1157 (8th Cir. 1999). The Court agrees that awarding a percentage of the fund is appropriate here.

"'[T]he ultimate reasonableness of [an] award is evaluated by considering relevant factors from the twelve factors listed in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 719-20 (5th Cir. 1974).'" *Rawa*, 934 F.3d at 870 (quoting *In re Target Corp. Customer Data Security Breach Litig.*, 892 F.3d 968, 977 (8th Cir. 2018)). The Court concludes that an award of attorney's fees equal to 33⅓ percent of the Settlement Fund is supported by those factors here.

First, Class Counsel have invested nearly 10,000 hours on a contingent basis representing the Plaintiffs and prosecuting the claims of the Settlement Class. Moreover, given the size of the Settlement Class, they reasonably anticipate spending approximately 1,900 more hours administering the Settlement. Furthermore, the amount of work required necessarily precluded Class Counsel's ability to take other work, and representing the Plaintiffs on a contingency basis supports the fee award.

Second, the amount involved and results obtained were significant. The $65 million fund also reflects a material portion of the alleged overcharges that Plaintiffs could have reasonably recovered. Given the risks faced, the Court concludes that the result supports the requested fee.

Third, the Court concludes that the claims present novel and difficult questions that required a high degree of skill and experience, which Class Counsel exhibited here. The Court also finds that Class Counsel exhibited a high degree of skill in obtaining the Settlement as demonstrated by the successful outcome they secured despite being opposed by three national law firms.

Fourth, Class Counsel seek a fee based on a percentage (33⅓ percent) that is common in contingent fee litigation and class actions. The Eighth Circuit has noted that courts have "frequently awarded attorneys' fees ranging up to 36% in class actions." *Huyer v. Buckley*, 849 F.3d 395, 399 (8th Cir. 2017). Class Counsel have identified several class actions in which courts have awarded fees equal to 33⅓ percent of the settlement fund. Given the amount of work required, the multi-jurisdictional nature of litigation, and the risk undertaken, the Court finds that the percentage requested here is reasonable.

Finally, the Court has considered the lodestar figures submitted by Class Counsel and concludes a crosscheck does not undermine the fee request. Specifically, the lodestar crosscheck results in a multiplier of 2.64. Class Counsel submit cases that support the requested multiplier, and the Eighth Circuit has held that a multiplier double of that requested here "does not exceed the bounds of reasonableness." *Rawa*, 934 F.3d at 870. For these reasons, the Court does not find that the fee requested would be tantamount to a "windfall" but is the product of significant work undertaken by Class Counsel on a contingent basis that resulted in a large settlement. Class

9

Counsel's request for attorney's fees is therefore reasonable and approved in the amount of one-third of the Settlement Fund.

2. **Costs and Expenses.** It is also well-established that "[r]easonable costs and expenses incurred by an attorney who creates or preserves a common fund are reimbursed proportionately by those class members who benefit by the settlement.'" *Yarrington v. Solvay Pharms., Inc.*, 697 F. Supp. 2d 1057, 1067 (D. Minn. 2010) (quoting *In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1996)). Under the Settlement, Class Counsel may seek up to $1.1 million in actual costs and expenses reimbursement. Class Counsel has submitted $824,678.54 in costs and expenses, including a summary by category of the costs and expenses incurred. No objections were received to the request for these reimbursements. And the Court finds these costs and expenses were reasonably incurred and are reimbursable from the fund.

3. **Service Awards.** The Court also approves the Service Awards of $25,000 for each Plaintiff. Courts routinely approve service awards to compensate class representatives for the services they provide and the risks they incur on behalf of the class. The factors for deciding whether the service awards are warranted are: "(1) actions the plaintiffs took to protect the class's interests, (2) the degree to which the class has benefited from those actions, and (3) the amount of time and effort the plaintiffs expended in pursuing litigation." *Caligiuri v. Symantec Corp.*, 855 F.3d 860, 867 (8th Cir. 2017). Here, the Settlement was the product of multiple lawsuits filed across different jurisdictions. Plaintiffs Millwood and Buchanan were necessary to that effort, and their contributions benefited the entire Settlement Class. Moreover, the other Plaintiffs likewise benefited the entire Settlement Class by helping develop and review the factual allegations in the complaint and providing key guidance with respect to the Settlement. Given the size of the Settlement Fund, the requested awards are *de minimis* to the amount attributable to each Settlement

Class Member. And the amount requested is reasonable. *See Tussey*, 850 F.3d 951, 961 (8th Cir. 2017) (approving $25,000 service awards).

## IV. OBJECTIONS

As stated earlier, three objections have been submitted. The Court acknowledges Plaintiff's arguments that two of them may not have been validly submitted; but, as the Court stated during the hearing, it believes the better practice is to consider them. That said, the Court will discuss only some of the issues raised by the objections; any issues that are not specifically discussed are overruled.

Scott Cameron objects that the fee award is unfair, based on his mistaken belief that each class member will recover only $10. In truth, it is estimated each class member will recover at least 71% of their overpayment, and each class member will recover *at least* $10. Larry Howard proposed alternative methods for effectuating the settlement and further proposes that the settlement funds be invested to pay class members' premiums, but the Court finds his suggestions are not in the best interest of the class. Finally, Robert and Geraldine Givens mistakenly believe the service awards are paid to counsel and object to the service fee awards, believing (1) the attorneys are adequately compensated by the fee award and (2) the service awards deprive the class of proceeds that could benefit its members. They also suggest the service awards are excessive. Obviously, the service awards are not paid to the attorneys; they are paid to the members of the class who served as representatives for the other class members. And, while it is a close question, the Court believes the service fee awards for the class representatives are appropriate. Factors to be considered include "(1) [the] actions the plaintiffs took to protect the class's interests, (2) the degree to which the class has benefitted from those actions, and (3) the amount of time and effort the plaintiffs expended in pursuing litigation." *Caligiuri v. Symantec Corp.*, 855 F.3d 860, 867
11

(8th Cir. 2017). The Court also notes that, the total of the service awards divided by the number of class members is approximately $0.33 per class member, which is very small in comparison to the minimum recovery guaranteed to each class member. Given the efforts of the class representatives (much of which predates the filing of this case) and the modest amount of each class member's potential share being contributed to the award, the Court believes the request is appropriate.

## V. CONCLUSION

The Motion for Final Approval of Class Action Settlement, (Doc. 33), and the Motion for Attorney Fees, (Doc. 29), are **GRANTED**, and the case is **DISMISSED WITH PREJUDICE**.

The Settlement Class Representatives and Settlement Class Members are hereby permanently enjoined from filing, prosecuting, maintaining, or continuing litigation based on or related to the Released Claims. Each party shall bear their own costs except as provided in the Court's Order Granting Final Approval of Class Action Settlement and Awarding Attorney's Fees, Costs, Expenses, and Service Awards.

This Court retains jurisdiction over this action and the parties to administer, supervise, interpret, and enforce the Settlement Agreement, the Court's Order Granting Final Approval of Class Action Settlement and Awarding Attorney's Fees, Costs, Expenses, and Service Awards, and this Final Judgment.

**IT IS SO ORDERED.**

DATE: <u>April 1, 2024</u>

<u>/s/ Beth Phillips</u>
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT